UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN PARKER,

        Plaintiff,

v.

GENERAL MOTORS, LLC,

        Defendant.

Case No.24-CV-11485-LJM-APP

Hon. Laurie J. Michelson
Mag. Judge Anthony P. Patti

---

PITT MCGEHEE PALMER
BONANNI & RIVERS
MICHAEL L. PITT (P24429)
BAYAN M. JABER (P85451)
*Attorneys for Plaintiff*
117 W. Fourth St. Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
bjaber@pittlawpc.com

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, PLLC
DANIEL G. COHEN (P41735)
*Attorneys for Defendant*
34977 Woodward Avenue, Ste. 300
Birmingham, MI 48009
248-593-6400
daniel.cohen@ogletree.com

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, General Motors LLC ("GM") by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, answers Plaintiff's Complaint and Jury Demand, as follows:

### INTRODUCTION

While Defendant GM acknowledges that Plaintiff, Darren Parker ("Parker") brings the instant Complaint pursuant to the federal Americans with Disabilities Act

1

("ADA") and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA") and alleges that GM wrongfully terminated and retaliated against him and failed to accommodate him, GM denies that Parker is entitled to any recovery under either law and further contends that Parker was terminated for legitimate non-discriminatory and non-retaliatory business reasons unrelated to any disability or protected activity under the ADA or PWDCRA.

## JURISDICTION, VENUE, AND PARTIES

1. GM admits that Parker brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq. and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1201, et seq., but denies that it failed to accommodate Parker, retaliated against him or otherwise violated such laws for the reason it is untrue.

2. Admitted.

3. GM admits only that the Court has supplemental jurisdiction under 28 U.S.C. §1367.

4. Upon information and belief, GM admits the allegations contained in Paragraph 4 of the Complaint.

5. Admitted.

6. Admitted.

## STATEMENT OF FACTS

7. GM neither admits nor denies the allegations contained in Paragraph 7 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

8. Admitted.

9. Denied for the reason it is untrue in the manner and form stated.

10. Denied for the reason it is untrue.

11. Denied for the reason it is untrue.

12. GM admits only that some of Parker's job duties required acting as a liaison between purchasing, engineering, manufacturing, warehousing and logistics to address a variety of parts supplier issues and coordinating effective and timely solutions.

13. GM admits only that some of the essential functions of the TOC position include: remotely attending "emerging issues" meetings to develop an action plan to resolve critical supply chain issues and to generate reports accordingly; remotely managing the movement of GM production equipment from one warehouse location to another, and ensuring effective communication with supplier warehouses experiencing supply chain issues.

14. Admitted.

15. GM admits only that Parker and other TOCs reported to Tom Hoard ("Hoard") and that Hoard reported to Dave Morton ("Morton").

16. Denied for the reason it is untrue.

**August 2022: Parker's Medical Conditions are Aggravated by
Driving to and from a Kentucky Warehouse Twice in Two Weeks**

17. Denied for the reason it is untrue.

18. Denied for the reason it is untrue.

19. GM admits that all TOCs are trained to perform the duties of the position and that any TOC may be called to cover a supplier production or warehouse site. By way of further response, GM neither admits nor denies the remaining allegations contained in the Paragraph 19 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

20. Denied for the reason it is untrue.

21. Admitted.

22. Upon information and belief, GM admits the allegations in Paragraph 22 of the Complaint.

23. GM neither admits nor denies the allegations contained in Paragraph 23 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

24. GM admits that Parker, who was 51 years old at the time, made the 400+ mile drive to Corbin Kentucky. GM neither admits not denies the remaining allegations contained in Paragraph 24 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

25. GM neither admits nor denies the allegations contained in Paragraph 25 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

26. Upon information and belief, GM admits Parker was on assignment at a supplier location in Corbin, Kentucky from August 9, 2022 to August 19, 2022. GM neither admits nor denies the remaining allegations contained in Paragraph 26 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

27. GM neither admits nor denies the allegations contained in Paragraph 27 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

28. Upon information and belief, GM admits the allegations contained in Paragraph 28 of the Complaint.

29. Denied for the reason it is untrue.

30. Upon information and belief, GM admits the allegations contained in Paragraph 30 of the Complaint.

31. GM neither admits nor denies the allegations contained in Paragraph 31 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

### September 9: Parker Informs GM of Necessary Medical Restrictions

32. GM neither admits nor denies the allegations contained in Paragraph 32 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

33. GM neither admits nor denies the allegations contained in Paragraph 33 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

34. Admitted.

### September 11: GM Forces Parker to Take an Unnecessary Medical Leave of Absence

35. Denied for the reason it is untrue.

36. Denied for the reason it is untrue.

37. Denied for the reason it is untrue.

### September 29: Parker is Diagnosed as Having a Degenerative Joint Disease of the Knees

38. GM neither admits nor denies the allegations contained in Paragraph 38 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

39. GM neither admits nor denies the allegations contained in Paragraph 39 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

40. GM neither admits nor denies the allegations contained in Paragraph 40 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

41. GM neither admits nor denies the allegations contained in Paragraph 41 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

42. Denied for the reason it is untrue.

43. Denied for the reason it is untrue.

44. Denied for the reason it is untrue.

### November 18: Parker's Restrictions are Extended

45. GM neither admits nor denies the allegations contained in Paragraph 45 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

46. GM neither admits nor denies the allegations contained in Paragraph 46 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

47. GM neither admits nor denies the allegations contained in Paragraph 47 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

48. Denied for the reason it is untrue.

**November 22: Hoard Places Parker on a Performance Improvement Plan**

49. Denied for the reason it is untrue.

50. GM admits Parker protested the PIP, but denies the remaining allegations contained in Paragraph 50 of the Complaint for the reason they are untrue.

51. Denied for the reason it is untrue.

**December 12: Parker Seeks a Transfer and PIP Meetings Continue**

52. GM neither admits nor denies the allegations contained in Paragraph 52 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

53. GM neither admits nor denies the allegations contained in Paragraph 53 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

54. GM admits Plaintiff interviewed for a pre-production specification analyst position, but denies the remaining allegations contained in Paragraph 54 of the Complaint for the reason they are untrue.

55. Denied for the reason it is untrue.

56. GM admits that Hoard, Morton and Cardenas met with Parker on a weekly basis pursuant to the PIP, but denies the remaining allegations contained in Paragraph 56 of the Complaint for the reason they are untrue.

57. GM neither admits nor denies the allegations contained in Paragraph 57 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

58. Denied for the reason it is untrue.

59. GM admits only that Cardenas concluded her investigation without substantiating Parker's allegations, but denies the remaining allegations contained in Paragraph 59 of the Complaint for the reason they are untrue.

**January 17: Parker's Medical Restrictions are Extended to March 1**

60. GM neither admits nor denies the allegations contained in Paragraph 60 of the Complaint that Dr. Dekker issued Parker a final set of restrictions on January 17, 2023 as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs. By way of further response, GM admits only that Parker sent Cardenas, Hoard and Morton an email on January 24,

2023, which contained restrictions dated January 23, 2023. GM denies the remaining allegations for the reason they are untrue.

61. Denied for the reason it is untrue.

62. Upon information and belief, GM admits the allegations contained in Paragraph 62 of the Complaint.

**February 1: Parker is Terminated**

63. GM admits only that on February 1, 2023, Parker met with Morton at the Tech Center with Hoard and Cardenas appearing remotely and that Parker was informed he was being terminated for continued performance deficiencies while on a PIP. GM denies the remaining allegations contained in Paragraph 63 of the Complaint for the reason they are untrue.

**COUNT I**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**
**Disability Discrimination, Failure to Accommodate, Retaliation**
**Disability Discrimination – Termination**

64. Paragraph 64 states a legal conclusion to which no response is required.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, GM admits the allegations in Paragraph 65.

66. Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations contained in Paragraph 66 for the reason they are untrue.

67. Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, GM neither admits nor denies the allegations contained in Paragraph 67 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

68. Denied for the reason it is untrue.

69. Denied for the reason it is untrue.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations contained in Paragraph 70 for the reason they are untrue.

## Failure to Accommodate

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, GM admits the allegations in Paragraph 71.

72. Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is required, GM neither admits nor denies the allegations contained in Paragraph 72 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

73. Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, GM neither admits nor denies the allegations contained in Paragraph 73 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

74. Denied for the reason it is untrue.

75. GM neither admits nor denies the allegations contained in Paragraph 75 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

76. GM neither admits nor denies the allegations contained in Paragraph 76 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

77. Denied for the reason it is untrue.

78. Denied for the reason it is untrue.

**Retaliation – Placing Parker on a PIP and Terminating Him**

79  Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, GM admits the allegations in Paragraph 79.

80  Denied for the reason it is untrue.

81  Denied for the reason it is untrue.

**COUNT II**
**VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHT ACT**
**Disability Discrimination, Failure to Accommodate, Retaliation**

82. GM incorporates its responses to Paragraphs 1-81 as though fully stated herein.

83. Paragraph 83 states a legal conclusion to which no response is required.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, GM admits the allegations in Paragraph 84.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations contained in Paragraph 85 for the reason they are untrue.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, GM neither admits nor denies the allegations contained in Paragraph 86 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

87. Denied for the reason it is untrue.

88. Denied for the reason it is untrue.

**Failure to Accommodate**

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, GM admits the allegations in Paragraph 89.

90. Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, GM neither admits nor denies the allegations contained in Paragraph 90 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs

91. Paragraph 91 states a legal conclusion to which no response is required. To the extent a response is required, GM neither admits nor denies the allegations contained in Paragraph 91 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

92. Denied for the reason it is untrue.

93. GM neither admits nor denies the allegations contained in Paragraph 93 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

94. GM neither admits nor denies the allegations contained in Paragraph 94 of the Complaint as it lacks sufficient knowledge to form a belief as to the truth of the allegations and leaves Parker to his strict proofs.

95. Denied for the reason it is untrue.

96. Denied for the reason it is untrue.

**Retaliation – Placing Parker on a PIP and Terminating Him**

97. Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, GM admits the allegations in Paragraph 97.

98. Denied for the reason it is untrue.

99. Denied for the reason it is untrue.

## REQUEST FOR RELIEF

100. GM admits that Parker requests relief in the form he identifies in Paragraph 100 of the Complaint but denies that he is entitled to any relief.

WHEREFORE, Defendant General Motors, LLC respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award Defendant any other relief the Court believes it is entitled.

## AFFIRMATIVE DEFENSES

Defendant, General Motors, LLC ("GM") by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, asserts the following Affirmative Defenses to Plaintiff's Complaint:

1. Parker's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2. Upon information and belief, Parker has failed to mitigate his damages as alleged.

3. Parker's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-pretextual, and non-retaliatory business reasons unrelated to disability.

4. GM has provided a reasonable accommodation to Parker, but in spite of providing a reasonable accommodation, Parker could not perform the essential functions of the job satisfactorily. Alternatively, Parker could not be reasonably

15

accommodated within the meaning of the Michigan Persons with Disabilities Civil Rights Act.

5. Compensatory and punitive damages are not recoverable for ADA retaliation claims.

6. There is no right to a jury on ADA retaliation claims.

7. Parker's Complaint fails to state a cause of action upon which relief may be granted in that Plaintiff failed to provide GM with timely notice of any alleged need for accommodation within 182 days, as required by the Michigan Person with Disabilities Civil Rights Act.

8. Parker is not a qualified individual with a disability or otherwise qualified within the meaning of the Americans with Disabilities Act and Michigan Persons with Disabilities Civil Rights Act.

9. The proximate cause of any injury or damages to Parker, if any such injury or damages exist, was not the action of GM.

10. At all times, GM's actions were lawful, justified, and made in good faith.

11. There is no causal connection between any alleged protected activity and any allegedly adverse employment action taken with respect to Parker.

12. GM reserves the right to amend these affirmative defenses or to assert additional affirmative defenses in the course of this litigation.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

*s/ Daniel G. Cohen*
DANIEL G. COHEN (P41735)
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
T: (248) 593-6400
daniel.cohen@ogletree.com

Dated: August 5, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

*s/ Daniel G. Cohen*
DANIEL G. COHEN (P41735)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248-593-6400
daniel.cohen@ogletree.com

63444004.v1-OGLETREE